IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUCAS CANTON SCHNEIDER,<br><br>             Plaintiff,<br><br>v.<br><br>UNKNOWN NAMED FEDERAL EMPLOYEES,<br><br>             Defendants. | Case No. 25-cv-00153-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This case was severed from *Schneider v. Unknown Named Federal Employees,* 25-cv-00120-NRJ, on February 3, 2025, and is limited to Plaintiff's claims for monetary damages relating to allegations that federal officials in Belleville, Illinois, released chemicals into his home. (Doc. 2). Along with the Complaint, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (IFP) was filed in this case, which is now before the Court. (Doc. 3).

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating, "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). The Court is satisfied from the affidavit submitted by Plaintiff that he is indigent. He currently has no source of income, no money in his checking or savings accounts, and no property of value. (Doc. 3). But the Court's inquiry does not end there because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of a complaint filed by a plaintiff seeking to proceed IFP. The Court may dismiss a case and deny an otherwise qualified plaintiff leave to proceed IFP, if the action is clearly frivolous or malicious,

fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). As detailed below, Plaintiff cannot meet the second prong required to proceed IFP because the Complaint fails to state a claim on which relief may be granted, and the motion to for leave to proceed IFP will be denied.

### DISCUSSION

Plaintiff alleges that since being released from the Alaska Department of Corrections and moving to Illinois, he has been experiencing "malicious and vindictive behavior from local federal authorities." (Doc. 2, p. 2). He claims that the federal authorities have been releasing excessive chemicals into the air of his father's house, where he resides, forcing him to leave the home. Plaintiff asserts that the federal authorities are trying to "make [him] homeless." (*Id.*).

To survive preliminary review under Section 1915(e)(2)(B), a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Complaint must also associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and they can properly answer the Complaint. *Id.* at 555.

Plaintiff's vague claims against "federal authorities" are not sufficient to state a claim under Federal Rule of Civil Procedure 8. While Plaintiff may use John Doe designations to refer to parties whose names are known, he must still follow Rule 8 pleading standards and include a short, plain statement of the case against each individual. He must make plausible claims against individuals. By stating that an indefinite number of unknown people or agencies have harmed him without providing more information, all Plaintiff has done is establish that there is a "sheer possibility" that someone or entity in that group harmed him. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (finding the phrase "one or more of the

Defendants" did not adequately connect specific defendants to illegal acts, and thus failed to adequately plead personal involvement). Because the Complaint does not describe the individual defendants or their conduct, Plaintiff has not formed the basis of his claims against a suable person or entity.

The Court further notes that even if Plaintiff had identified someone by name, he cannot sue federal employees under 42 U.S.C. §1983. *See King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005) (observing that *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers"); *Case v. Milewski,* 327 F. 3d 564, 567 (7th Cir. 2003) ("an action brought pursuant to §1983 cannot lie against federal officers acting under color of federal law"). Nor do the facts, as pled, state a viable constitutional claim for damages as recognized under *Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics,* 403 U.S. 388 (1971) and subsequent case law. *See Ziglar v. Abbasi,* 582 U.S. 120 (2017); *Egbert v. Boule,* 596 U.S. 482 (2022); *Gerlach v. Rotika,* 95 F. 4th 493, 498 (7th Cir. 2024); *Brooks v. Richardson,* No. 24-1651, 2025 WL 815763, at *1 (7th Cir. 2025) (observing that in "the 45 years after *Carlson,* the Justices have rejected every proposed extension of *Bivens* that they have considered."). For these reasons, the Complaint is dismissed for failure to state a claim.

The usual practice in civil cases is to allow defective pleadings to be corrected. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Here, however, granting leave to amend would be futile as the relief Plaintiff seeks is unavailable under Section 1983 and *Bivens*. *See Esco v. City of Chi.,* 107 F.4th 673, 683 (7th Cir. 2024) ("District courts have broad discretion to deny leave to amend the pleadings where the amendment would be futile."); *Guise v. BMW Mortgage, LLC,* 377 F.3d 795, 801 (7th Cir. 2004) (leave to amend may be denied because of futility, undue delay, or dilatory motive). Additionally, Plaintiff appears to have abandoned the

prosecution of this case. First, after this case was severed, Plaintiff was directed two times to notify the Court by March 10, 2025, regarding whether he wished to proceed with this lawsuit. (Doc. 6, 7). Plaintiff failed to do so. Second, Plaintiff has also not updated his address with the Court, and a document sent to him on February 24, 2025, has been returned as undeliverable. (Doc. 11). Before the initial case was severed, Plaintiff was warned of his obligation to keep the Court informed of his current address. *See Schneider v. Unknown Named Federal Employees,* No. 25-cv-00120-NJR, Doc. 8 (S.D. Ill.). Plaintiff has not expressed interest in pursuing this litigation, and the Court will not independently investigate his whereabouts. Accordingly, the Court will not grant leave to amend.

## DISPOSITION

For the reasons stated above, the Motion for Leave to Proceed *in forma pauperis* is **DENIED** (Doc. 3), and the Complaint and this entire case are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $405.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A) If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R.

App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   April 7, 2025**

                                                     *s/Stephen P. McGlynn*
                                                    **STEPHEN P. MCGLYNN**
                                                    **United States District Judge**